**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELISEO ARTERO-FLORES, | No. 10-71234 |
| Petitioner, | Agency No. A088-108-959 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Eliseo Artero-Flores, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum

and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Artero-Flores does not challenge the agency's dispositive determination that his asylum application was time-barred. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in opening brief are deemed waived). He also fails to challenge the BIA's conclusion that he did not request relief under the Convention Against Torture ("CAT") before the IJ or raise any arguments in favor of CAT relief. *See id.* Thus, we deny the petition as to asylum and CAT.

We lack jurisdiction to consider Artero-Flores's unexhausted claim that he was mistreated on account of his whistleblowing. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). He does not otherwise challenge the BIA's determination that he failed to establish a nexus to a protected ground. Thus, Artero-Flores's withholding of removal claim fails.

Finally, the record does not support Artero-Flores's claim that the BIA failed to adequately review the IJ's decision.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See*

*Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**